UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re                                                          Case No. 18-23524 (RDD)

CARLOS OZORIO,

                                    Debtor.                    (Chapter 11)


--------------------------------------------------------x
WILLIAM K. HARRINGTON
the UNITED STATES TRUSTEE,

                                    Plaintiff,

        -against-                                              Adv. Proc. No. 18-_____ (RDD)

ARMANDO PONS
a/k/a ARMANDO MIRARCHI PONS
a/k/a DANIEL MIRARCHI, and

ARCADIA V. ESCONDO
a/k/a ESCONDO A. VILLAMOR,

                                    Defendants.

--------------------------------------------------------x


## COMPLAINT BY THE UNITED STATES TRUSTEE TO DETERMINE VIOLATIONS OF 11 U.S.C. §§ 110 AND 526 AND/OR ABUSE OF THE BANKRUPTCY PROCESS, TO IMPOSE FINES AND SANCTIONS, AND TO OBTAIN INJUNCTIVE RELIEF

        William K. Harrington, the United States Trustee for Region 2 (the "**United States**

**Trustee**," or the "**Plaintiff**"), by and through the undersigned attorneys, as and for his complaint

against Armando Pons a/k/a Armando Mirarchi Pons a/k/a Daniel Mirarchi ("**Pons**") and Arcadia

Escondo a/k/a Escondo A. Villamor ("**Escondo**") (collectively, the "**Defendants**") to determine

violations of 11 U.S.C. §§ 110 and 526 and/or abuse of the bankruptcy process, to impose fines and

sanctions, and to obtain injunctive relief, pursuant to 28 U.S.C. § 586, 11 U.S.C. §§ 105(a), 110,

307, 521, and 526, and applicable decisional law, respectfully alleges as follows:

## PARTIES

1.      The Plaintiff, William K. Harrington, is the United States Trustee for Region 2 with

offices located at U.S. Federal Office Bldg., 201 Varick Street, Room 1006, New York, NY 10014.

United States Trustees are officials of the Department of Justice appointed by the Attorney General

to supervise the administration of bankruptcy cases and trustees.  *See* 28 U.S.C. §§ 581-589.

2.      Pons is a bankruptcy petition preparer as that term is defined in 11 U.S.C. § 110.

3.      Escondo is a bankruptcy petition preparer as that term is defined in 11 U.S.C. § 110.

4.      Pons has conducted business in the Southern District of New York as a bankruptcy

petition preparer.

5.      Escondo has conducted business in the Southern District of New York as a

bankruptcy petition preparer.

6.      Pons has maintained multiple business addresses in the Southern District of New

York in furtherance of the conduct alleged below.

7.      Escondo has maintained multiple business addresses in the Southern District of New

York in furtherance of the conduct alleged below.

8.      Upon information and belief, Pons is not an attorney and is not admitted to practice

law in the State of New York or the Southern District of New York.

9.      Upon information and belief, Escondo is not an attorney and is not admitted to

practice law in the State of New York or the Southern District of New York.

10.     Escondo is a licensed notary public in the state of New York under the name

"Escondo A. Villamor."

11.     Pons has used several business names in furtherance of the conduct alleged below

including Madeline USA Corp., Daniel Corti Inc., Ari Services, LLC, Ari Employment Services,

ARI Transportation NY, and Powerplus Enterprise Solutions, Inc.  Some of these entities have been

incorporated in the State of New York.

12.     Escondo has used several business names in furtherance of the conduct alleged

below including Madeline USA Corp., Daniel Corti Inc., Ari Services, LLC, Ari Employment

Services, ARI Transportation NY, and Powerplus Enterprise Solutions, Inc.  Some of these entities

have been incorporated in the State of New York.

13.     In addition to acting a bankruptcy petition preparer, Pons has appeared as a debtor in

voluntary bankruptcy cases and as a petitioning creditor in involuntary bankruptcy cases in the

Southern District of New York and in other districts dating back to 1998.

14.     On September 19, 2012, an indictment (the "**Indictment**") was returned by a grand

jury in the Southern District of New York in which Pons and Escondo were each charged with one

count of conspiracy to defraud the United States with respect to false claims, in violation of Title 18,

United States Code, Section 286, and seven counts of filing false and fraudulent claims, in violation

of Title 18, United States Code, Section 287.  The Indictment charged Pons and Escondo with

causing to be prepared, and thereafter causing to be sent to the Internal Revenue Service (the

"**IRS**"), various false corporate income tax returns and accompanying documents for businesses,

that were incorporated by Pons and Escondo or were not incorporated at all, that conducted little or

no legitimate business and were not entitled to the refundable credits claimed on the tax returns.

The criminal case commenced by the filing of the Indictment is *United States of America v.*

*Armando Pons, a/k/a "Armando Mirarchi Pons," and Arcadia V. Escondo*, Case No. 12-cr-00719-

cs (S.D.N.Y. 2012).

15.     On October 26, 2013, Escondo and the United States entered into a deferred

prosecution agreement which provided for a deferral of Escondo's prosecution for four months

3

during which time Escondo was required to avoid any violation of law and meet other "good behavior" requirements.

16.     On April 13, 2016, Pons pleaded guilty to one count of impairing and impending the due administration of the IRS under 26 U.S.C. § 7212(a).  His sentence was comprised of time served for imprisonment, one year of supervised release, $100.00 in monetary penalties, and $988,385.00 in restitution payments to be paid in monthly installments of ten percent (10%) of gross monthly income.  As a term of his supervised release, Pons was prohibited from committing another federal, state or local, crime.  He was also directed to participate in an outpatient mental health treatment program.

## JURISDICTION, VENUE AND STATUTORY PREDICATES FOR RELIEF

17.     The Plaintiff possesses standing to pursue his complaint under 11 U.S.C. § 307 and 28 U.S.C. § 586.

18.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

19.     Venue is proper pursuant to 28 U.S.C. § 1409(a).

20.     The filing of this complaint initiates an adversary proceeding.  Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 7001.

21.     This cause of action constitutes a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A) and (O).

22.     The statutory and other predicates for the relief sought herein are 28 U.S.C. § 586, 11 U.S.C. §§ 105(a), 110, 307, 521 and 526, and decisional law.

23.     The Plaintiff consents to entry of a final order or judgment by this Court.

4

## FACTUAL BACKGROUND

### Appearances by Pons in Earlier Bankruptcy Cases

24.     Pons has appeared in at least ten bankruptcy cases in the Southern District of New York and other districts dating back to 1998 including as a debtor, a petitioning creditor, and a disclosed bankruptcy petition preparer.

25.     A list of these cases is set forth in the table below:

| Debtor | Chapter | Case Number | District | Petition Date | Case Disposition | Pons' Role in the Case |
|---|---|---|---|---|---|---|
| **Armando Pons** | 7 | 98-86688-DTE | EDNY | 7/1/98 | Discharge entered 11/3/98 | Debtor |
| **Super Print** *a/k/a* **Supermarket of Services,** *a/k/a* **Super Services** | 7 | 00-42026-SMB | SDNY | 08/23/00 | Case dismissed 10/26/00 | Filed motion to amend petition to include Armando Pons and Cristina Pons as debtors |
| **Armando Pons** | 7 | 01-20022-DEM | EDNY | 07/27/01 | Case dismissed 10/25/01 | Debtor |
| **Armando Pons** *d/b/a* **Supermarket of Services** | 7 | 01-41193-ALG | SDNY | 04/24/01 | Case dismissed 02/01/02 | Debtor |
| **Rosemarie and Robert Jarvis** | 7 | 04-20734-ASH | SDNY | 12/22/04 | Discharge entered 4/22/05 | Signed petition as bankruptcy petition preparer |
| **Bob Ganley** *a/k/a* **Robert Ganley** | 7 Involuntary | 10-14729-NLW | D. N.J. | 2/19/10 | Case dismissed and Pons enjoined from future involuntary filings against debtor on 6/10/10 | Petitioning creditor |
| **Griffith Development Company** | 7 Involuntary | 10-14242-NLW | D. N.J. | 2/16/10 | Venue transferred to D. DE and case eventually dismissed | Petitioning creditor |
| **PNC Real Estate Group** | 7 Involuntary | 11-15136-JKF | E.D. PA | 6/29/11 | Dismissed 8/3/11 | Petitioning creditor |
| **1er Lake Properties** | 7 Involuntary | 11-13502 | E.D. LA | 10/25/11 | Case dismissed 11/4/11 | Petitioning creditor |
| **Town Auto Body** | 7 Involuntary | 11-24002-RDD | SDNY | 10/11/11 | Case dismissed 11/09/2011 | Petitioning creditor |
| **AP Settlement Fund** | 7 | 11-24231-RDD | SDNY | 11/14/11 | Case dismissed 05/07/12 | Signed petition as "administrator" of |

| | | | | | | the debtor |
|---|---|---|---|---|---|---|
| **A.P. State *a/k/a* AP Settlement Fund** | 7 | 12-14558-RG | D. N.J. | 2/23/12 | Case dismissed 07/19/12 | Signed petition on behalf of the debtor |

26.     All of the above cases were dismissed without entry of a discharge, except for Pons' original chapter 7 case filed in 1998 and the case of *In re Rosemarie and Robert Jarvis*, Case No. 04-20734-ALG, in which Pons signed the petition as a bankruptcy petition preparer.

**Recent Addresses Maintained by Pons and Escondo in the Southern District of New York**

27.     From approximately December 2017 to present, Pons has maintained a business address at 445 Hamilton Ave, Suite 1102, White Plains, New York 10601 (the "**Hamilton Avenue Address**").

28.     From approximately December 2017 to present, Escondo has maintained a business address at the Hamilton Avenue Address.

29.     From approximately February 2016 to present, Pons has maintained a business address at 455 Tarrytown Road, No. 1095, White Plains, New York 10601 (the "**Tarrytown Road Address**").

30.     From approximately February 2016 to present, Escondo has maintained a business address at the Tarrytown Road Address.

31.     From approximately April 2012 to February 2016, Pons maintained a business address at 455 Tarrytown Road, No. 1595, White Plains, New York 10601 (the "**Old Tarrytown Road Address**").

32.     From approximately April 2012 to February 2016, Escondo maintained a business address at the Old Tarrytown Road Address.

6

33.     From approximately November 2015 to January 2018, Pons maintained a business

address at 75 S. Broadway – Ste. 467, White Plains, New York 10601 (the "**South Broadway**

**Address**").

34.     From approximately November 2015 to January 2018, Escondo maintained a

business address at the South Broadway Address.

35.     From approximately November 2016 to September 2018, Pons leased a residential

apartment at 120 North Kensico Avenue, Apt. 1C, White Plains NY 10604 (the "**North Kensico**

**Property**").  Pons used the alias, "Daniel Mirarchi" to lease the North Kensico Property.

36.     From approximately November 2016 to September 2018, Escondo leased a

residential apartment at the North Kensico Property.

**Pons and Escondo as Undisclosed Petition Preparers**

37.     Between approximately November 2016 and October 2018, Pons has prepared and/or

filed bankruptcy petitions and various pleadings on behalf of third party debtors in at least twenty-

six cases in the Southern and Eastern Districts of New York without identifying himself as a

bankruptcy petition preparer.

38.     Between approximately November 2016 and October 2018, Escondo has prepared

and/or filed bankruptcy petitions and various pleadings on behalf of third party debtors in at least

twenty-six cases in the Southern and Eastern Districts of New York without identifying herself as a

bankruptcy petition preparer.

39.     The cases in the Southern District of New York in which Pons and Escondo have

prepared and/or filed petitions and other pleadings on behalf of third party debtors without

identifying themselves as bankruptcy petition preparers include: *In re Khalid Abder Isa*, Case. No.

16-23617-RDD, *In re Futton Pyracdar*, Case No. 17-22451-RDD, *In re Fuel Mart Inc.,* Case No.

17-22706-RDD, *In re Nidala A. Isa*, Case No. 17-22749-RDD, *In re Luca Gambardella*, Case No. 17-11634-RDD, *In Luca Gambardella Family Trust*, Case No. 17-23178-RDD, *In re Sylvia Yousef*, Case No. 17-36605-CGM, *In re Cevdet Arici*, Case No. 17-23522-RDD, *In re Luca and Michelle Gambardella*, Case No. 17-13564-CGM, *In re Roberto Aguilar*, Case No. 18-22533-RDD, *In re Pedro Barona*, Case No. 18-22677-RDD, *In re Antonio J. Jimenez*, Case No. 18-23136-RDD,  *In re Pedro Barona*, Case No. 18-23223-RDD,  *Aguilar*, Case No. 18-23132-RDD, : *In re Sylvia Yousef*, Case No. 18-35293-CGM, *In re Philip Alan Wasserman*, Case No 18-22317-RDD, *In re Ayse Arici*, Case No. 18-22335-RDD, *In re Carlos Quito*, Case No. 18-22523-RDD, *In re Marco Neira*, Case No. 18-22608-RDD, *In re Simon Vera*, Case No. 18-23063-RDD, *In re Marco Neira*, Case No. 18-23151-RDD, *In re Philip Alan Wasserman*, Case No. 18-23269-RDD, *In re Carlos Ozorio*, Case No. 18-23524-RDD.

40.     The cases in the Eastern District of New York in which Pons and Escondo have prepared and/or filed petitions and other pleadings on behalf of third party debtors without identifying themselves as bankruptcy petition preparers include:  *In re Rafael Gonzalez*, Case No. 18-40400-NHL, *In re Prisco Zaldana*, Case No. 18-40478-NHL, *In re Rafael Gonzalez*, Case No. 18-40978-NHL, and *In re Simon Vera*, Case No. 18-41746-NHL.

41.     Pons and Escondo have utilized three business addresses where they receive or have received mail in relation to these cases: (i) the South Broadway Address, the (ii) Tarrytown Road Address, and (iii) the Hamilton Avenue Address.  Nearly all of the petitions or pleadings filed by Pons and Escondo list at least one of these three addresses as an address for the respective debtors. A table of these cases is set forth below:

8

| Debtor | Ch. | Case Number | District | Petition Date | Case Disposition | Pons and Escondo Address |
|---|---|---|---|---|---|---|
| Khalid Abder Isa | 11 | 16-23617-RDD | SDNY | 11/28/16 | Pending | South Broadway Address |
| Futton Pyracdar | 13 | 17-22451-RDD | SDNY | 3/28/17 | Dismissed | South Broadway Address |
| Fuel Mart Inc. | 11 | 17-22706-RDD | SDNY | 5/10/17 | Converted to Ch. 7. | South Broadway Address |
| Nidala Isa | 7 | 17-22749-RDD | SDNY | 5/12/17 | Discharge entered | South Broadway Address |
| Luca Gambardella | 7 | 17-11634-JGL | SDNY | 6/13/17 | Dismissed | South Broadway Address |
| Luca Gambardella Family Trust | 7 | 17-23178-RDD | SDNY | 7/28/17 | Dismissed | South Broadway Address |
| Sylvia Yousef | 13 | 17-36605-CGM | SDNY | 9/25/17 | Dismissed | Tarrytown Road Address |
| Cevdet Arici | 11 | 17-23522-RDD | SDNY | 10/2/17 | Pending | Tarrytown Road Address |
| Luca and Michelle Gambardella | 13 | 17-13564-CGM | SDNY | 12/12/17 | Dismissed | Tarrytown Road Address |
| Rafael Gonzalez | 11 | 18-40400-NHL | EDNY | 1/24/18 | Dismissed | Hamilton Avenue Address |
| Prisco Zaldana | 11 | 18-40478-NHL | EDNY | 1/29/18 | Dismissed | Hamilton Avenue Address |
| Rafael Gonzalez | 11 | 18-40978-NHL | EDNY | 2/23/18 | Dismissed | Hamilton Avenue Address |
| Sylvia Yousef | 11 | 18-35293-CGM | SDNY | 2/26/18 | Dismissed | Hamilton Avenue Address |
| Philip Alan Wasserman | 11 | 18-22317-RDD | SDNY | 2/27/18 | Dismissed | Hamilton Avenue Address |
| Ayse Arici | 11 | 18-22335-RDD | SDNY | 2/28/18 | Dismissed | Hamilton Avenue Address |
| Carlos Quito | 11 | 18-22523-RDD | SDNY | 4/11/18 | Dismissed | Hamilton Avenue Address |
| Roberto Aguilar | 11 | 18-22533-RDD | SDNY | 4/13/18 | Dismissed | Hamilton Avenue Address & Tarrytown Road Address |
| Marco Neira | 11 | 18-22608-RDD | SDNY | 4/25/18 | Dismissed | Hamilton Avenue Address |
| Pedro Barona | 11 | 18-22677-RDD | SDNY | 5/4/18 | Dismissed | Hamilton Avenue Address & Tarrytown Road Address |
| Simon Vera | 7 | 18-23063-RDD | SDNY | 7/12/18 | Pending Motion to Dismiss | Hamilton Avenue Address |
| Antonio J. Jimenez | 7 | 18-23136-RDD | SDNY | 7/17/18 | Pending Motion to Dismiss | Tarrytown Road Address |
| Roberto Aguilar | 11 | 18-23132-RDD | SDNY | 7/25/18 | Dismissed | Hamilton Avenue Address & Tarrytown Road Address |
| Marco Neira | 11 | 18-23151-RDD | SDNY | 7/27/18 | Pending Motion to Dismiss | Hamilton Avenue Address |
| Pedro Barona | 11 | 18-23223-RDD | SDNY | 8/1/18 | Pending | Hamilton Avenue Address & Tarrytown Road Address |
| Philip Alan Wasserman | 7 | 18-23269-RDD | SDNY | 8/20/18 | Pending Motion to Dismiss | Hamilton Avenue Address |
| Carlos Ozorio | 11 | 18-23524-RDD | SDNY | 10/9/18 | Pending | Hamilton Avenue Address |

42.     Several of the petitions and pleadings prepared and/or filed by Pons and Escondo in these cases list other information linked to Pons and Escondo such as business names, e-mail addresses, and telephone numbers.

43.     The petitions and pleadings that list the Hamilton Avenue Address contain notations including "aripons," "musa," and "madeline."

44.     Upon information and belief, "musa" and "madeline" are references to Madeline USA Corp.

45.     Madeline USA Corp is a New York corporation formed by Pons and Escondo that operates out of the Hamilton Avenue Address.

46.     Petitions and/or pleadings filed in at least two of the above referenced cases reference Daniel Corti, Inc.

47.     Daniel Corti, Inc. is a New York Corporations formed by Pons and Escondo that has operated out of the South Broadway Address.

48.     At least one the petitions prepared and/or filed by Pons and Escondo lists danielcorti@aol.com as the debtor's e-mail address.

49.     At least one of the petitions prepared and/or filed by Pons and Escondo lists aripons@aol.com as the debtor's e-mail address.

50.     Petitions and/or pleadings filed in at least four of the above referenced cases list the telephone number 914-396-0808.  Upon information and belief, Pons and Escondo have utilized this telephone number.

51.     Pons executed affidavits of service of certain pleadings filed in at least one of the above referenced cases under his own name.  Escondo notarized these affidavits of service using the name Escondo A. Villamor.

52.     None of the petitions prepared and/or filed by Pons and Escondo in the Southern and Eastern Districts of New York indicate that they were prepared with the assistance of a bankruptcy petition preparer.

53.     The petitions prepared and/or filed by Pons and Escondo suffer from significant deficiencies and inaccurate or incomplete information.

54.     Upon information and belief, at least two of the petitions prepared and/or filed by Pons and Escondo omit social security numbers or contain inaccurate social security numbers.

55.     Upon information and belief, at least eighteen of the petitions prepared and/or filed by Pons and Escondo state that the debtors had received counseling from an approved credit counseling agency, but the certificates of such credit counseling were not filed.

56.     Upon information and belief, at least fifteen of the debtors in the cases prepared and/or filed by Pons and Escondo failed to provide information requested by the United States Trustee and failed to attend meetings of creditors convened pursuant to 11 U.S.C. § 341(a).

57.     Pons and Escondo prepared and/or filed applications to pay the filing fee in installments or to waive the filing fee in nearly all of the above referenced cases.

58.     Upon information and belief, filing fees were waived by the Court in at least four of the above referenced cases.

59.     Upon information and belief, filing fees were not waived and not paid in full in at least eighteen of the above referenced cases.

60.     Upon information and belief, at least sixteen of the cases commenced by petitions that were prepared and/or filed by Pons and Escondo have been dismissed for various violations of the material requirements of the Bankruptcy Code and the Bankruptcy Rules, and at least four are pending adjudication of a hearing on a motion to dismiss.

61.     Upon information and belief, at least one of the petitions prepared and/or filed by Pons and Escondo was filed without the knowledge of the debtor whose name appeared on that petition.

62.     Upon information and belief, the petitions prepared and/or filed by Pons and Escondo were filed in attempts to invoke the Bankruptcy Code's automatic stay in order to delay foreclosures or evictions at a variety of addresses listed on the petitions in addition to the three business addresses at which Pons and Escondo have received mail.

63.     At least three of the petitions prepared and/or filed by Pons and Escondo list the North Kensico Property as in need of injunctive "protection."  The cases commenced by these petitions include: *In re Simon Vera*, Case No. 18-23063-RDD, *In re Pedro Barona*, Case No. 18-22677-RDD, and*, In re Pedro Barona*, Case No. 18-23223-RDD

64.     The petitions referencing the North Kensico Property were all filed while Pons and Escondo were defending state court eviction proceedings with respect to the North Kensico Property.  After filing these petitions, Pons and Escondo filed pleadings in state court referencing the bankruptcy cases in attempts to stall the eviction.

65.     At least ten of the petitions prepared and/or filed by Pons and Escondo list property located at 126-82 Willets Point Boulevard, Corona, New York 11368 (the "**Willets Point Property**") as in need of injunctive "protection."

66.     In September 2009, the City of New York (the "**City**") purchased the Willets Point Property in furtherance of the City's redevelopment plans for the Willets Point area of Queens through which the City made a series of negotiated purchases of property from former owners in the area.

67.     On January 19, 2018, the Clerk of the Civil Court of the City of New York, Queens County, issued warrants of eviction with respect to the Willets Point Property and notices were served on the City Marshal.  Upon information and belief, the City was in the process of setting up evictions when Pons and Escondo prepared and/or filed a chapter 11 bankruptcy petition in the

12

Eastern District of New York commencing *In re Rafael Gonzalez*, Case No. 18-40978-NHL, the first of at least ten petitions that list the Willets Point Property as in need of injunctive "protection."

68.    The petitions prepared and/or filed by Pons and Escondo in the Eastern District of New York that list the Willets Point Property include: *In re Rafael Gonzalez*, Case No. 18-40400-NHL, *In re Prisco Zaldana*, Case No. 18-40478-NHL, and *In re Rafael Gonzalez*, Case No. 18-40978-NHL.

69.    The petitions prepared and/or filed by Pons and Escondo in the Southern District of New York that list the Willets Point Property include: *In re Roberto Aguilar*, Case No. 18-22533-RDD, *In re Marco Neira*, Case No. 18-22608-RDD, *In re Pedro Barona*, Case No. 18-22677-RDD, *In re Roberto Aguilar*, Case No. 18-23132-RDD, *In re Marco Neira*, Case No. 18-23151-RDD, *In re Pedro Barona*, Case No. 18-23223-RDD, and *In re Carlos Ozorio*, Case No. 18-23524-RDD.

70.    While filing one of these petitions in the Eastern District of New York, *In re Rafael Gonzalez*, Case No. 18-40978-NHL, Pons provided photo identification to the Clerk's Office and executed an "Affirmation of Filer" under the penalty of perjury in which he affirmed that he "did not provide the paperwork or assist with completing the forms" and that he was not paid.

## COUNT ONE

### The Defendants Violated 11 U.S.C. § 110 and Should be Subject to Sanctions

71.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 70 as though fully set forth herein.

72.    The Defendants repeatedly failed to comply with § 110(b)(1) when they prepared and/or filed numerous bankruptcy petitions and other documents but did not sign their names and did not provide their printed names and addresses on those documents.

13

73.     Upon information and belief, the Defendants repeatedly failed to comply with §
110(b)(2)  when they prepared and/or filed numerous bankruptcy petitions and other documents but
did not provide the required notice to the debtors, signed under penalties of perjury, and filed with
the Court.

74.     The Defendants failed to comply with § 110(c) when they prepared and/or filed
numerous bankruptcy petitions and other documents but did not provide their social security
numbers on those documents.

75.     Upon information and belief, the Defendants failed to comply with § 110(d) when
they prepared and/or filed numerous bankruptcy petitions and other documents but did not provide
the debtors copies of those documents.

76.     The Defendants failed to comply with § 110(e)(1) when they prepared and executed
numerous bankruptcy petitions and other documents on behalf of debtors.

77.     The Defendants failed to comply with § 110(e)(2) when they prepared and/or filed
numerous bankruptcy petitions and other documents and provided legal advice to debtors.

78.     The Defendants should be fined for each of these violations pursuant to § 110(l)(1),
which provides that bankruptcy petition preparers who fail to comply with any provision of
subsection (b), (c), (d), or (e) may be fined not more than $500 for each such failure.

79.     The statutory fines against the Defendants should be tripled under § 110(l)(2)(B) and
(D) for the Defendants' preparation of numerous bankruptcy petitions and other documents in such a
manner that failed to disclose their identity as bankruptcy petition preparers, and in some cases, with
omitted or inaccurate social security numbers.

## COUNT TWO

### <u>The Defendants Should be Permanently Enjoined from Acting as Bankruptcy Petition Preparers or Filing Bankruptcy Petitions pursuant to 11 U.S.C. §§ 105(a) and § 110 and Decisional Law</u>

80.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 79 as though fully set forth herein.

81.     The Defendants have repeatedly violated 11 U.S.C. § 110, and engaged in a pattern of wrongful, unlawful, and bad faith conduct and abuse of the bankruptcy process and system described in paragraphs 1 through 79.  This conduct has harmed debtors, creditors, and the court system.

82.     The Defendants' actions and omissions hinder the administration of justice.

83.     Injunctive relief is appropriate and necessary to prevent the recurrence of the conduct by the Defendants and to prevent harm to other potential debtors, creditors, and the court system.

84.     Section 105(a) of the Bankruptcy Code grants this Court the power to prevent such abuse through the issuance of an order, process or judgment, including a permanent injunction.

85.     This Court has the inherent power to regulate practice and conduct before the Court, to enforce the Bankruptcy Rules and Local Bankruptcy Rules, and to enjoin the Defendants from future abuse and bad faith conduct.

86.     Accordingly, Plaintiff respectfully requests that Defendants, and all persons or entities in concert and participation with them, whether acting on their own behalves or on behalves of others, and whether using their own names or one or more aliases be:

    a.     permanently enjoined from acting as bankruptcy petition preparers under 11 U.S.C. § 110, providing any service related to the preparation of documents in a bankruptcy case, or providing legal advice;

    b.     permanently enjoined from filing any new bankruptcy case or adversary proceeding in this and any other United States Bankruptcy Court;

c.    permanently enjoined from filing any document (including proofs of claim) in any other bankruptcy case or adversary proceeding without first obtaining leave to file such document from the United States Bankruptcy Judge presiding over such bankruptcy case or adversary proceeding;

d.    subject to fines and sanctions for any violation of such injunction.

## COUNT THREE

### The Defendants Violated 11 U.S.C. § 526 and Should be Subject to Sanctions and Permanent Injunctive Relief

87.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 86 as though fully set forth herein.

88.    Pons is a debt relief agency as that term is defined in 11 U.S.C. § 101(12A).

89.    Escondo is a debt relief agency as that term is defined in 11 U.S.C. § 101(12A).

90.    Upon information and belief, the debtors in the cases commenced by petitions prepared and/or filed by the Defendants are assisted persons as that term is defined in 11 U.S.C. § 101(3).

91.    The Defendants violated 11 U.S.C. § 526(a) by making statements, or counseling or advising assisted persons or prospective assisted persons to make statements in documents filed in the above referenced bankruptcy cases that are untrue or misleading, or that upon the exercise of reasonable care, should have been known the Defendants to be untrue or misleading.  Upon information and belief, such false statements include omitting or listing inaccurate social security numbers on bankruptcy petitions and falsely stating that debtors received briefings from approved credit counseling agencies.

92.    The Defendants violated 11 U.S.C. 526(c) by intentionally failing to file required documents in the above referenced bankruptcy cases and disregarding the material requirements of the Bankruptcy Code and the Bankruptcy Rules.

16

93.      The Defendants' violations of 11 U.S.C. § 526 were intentional.

94.      The Defendants engaged in a clear and consistent pattern or practice of violating 11

U.S.C. § 526.

95.      Under 11 U.S.C. § 526(c)(5), if the Court finds that a person intentionally violated §

526 or engaged in a clear and consistent pattern or practice of violating § 526, the Court may enjoin

the violation of such section and/or impose an appropriate civil penalty against such person.

96.      The Court should enjoin the Defendants from further violations of § 526 and impose

appropriate civil penalties.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests that this Court issue its judgment jointly

and severally against the Defendants pursuant to 11 U.S.C. §§ 105, 110, 307, 521, and 526 as well as

pursuant to its inherent authority, as follows:

I.      Pursuant to Count One:

    (a)      assessing fines against the Defendants for the full filing fee in each case filed where the filing fee remains unpaid to the Bankruptcy Clerk;

    (b)      assessing fines against the Defendants under 11 U.S.C. § 110(l)(1) in the maximum statutory amount for each violation of § 110(b)(1), (b)(2), (c), (d), (e)(1) and (e)(2);

    (c)      trebling the fines in the total amount of for each violation of 11 U.S.C.§110 against the Defendants as allowed under § 110(l)(2)(B) and (D);

    (d)      granting such other relief as is just and equitable;

II.      Pursuant to Count Two:

    (a)      issuing an injunction such that the Defendants, and all persons or entities in concert and participation with them, whether acting on their own behalves or on behalves of others, and whether using their own names or one or more aliases, be:

(i)    permanently enjoined from acting as bankruptcy petition preparers under 11 U.S.C. § 110, providing any service related to the preparation of documents in a bankruptcy case, or providing legal advice;

(ii)    permanently enjoined from filing any new bankruptcy case or adversary proceeding in this and any other United States Bankruptcy Court;

(iii)    permanently enjoined from filing any document (including proofs of claim) in any other bankruptcy case or adversary proceeding without first obtaining leave to file such document from the United States Bankruptcy Judge presiding over such bankruptcy case or adversary proceeding;

(iv)    subject to fines and sanctions for any violation of such injunction;

(b)    granting such other relief as is just and equitable;

III.    Pursuant to Count Three:

(a)    imposing an appropriate civil penalty under 11 U.S.C. § 526(c)(5) for intentional violations of § 526 and/or engaging in a clear and consistent pattern or practice of violating § 526;

(b)    issuing permanent injunctive relief from violations of 11 U.S.C. § 526 consistent with that requested pursuant to Count Two; and

(c)    granting such other relief as is just and equitable.

Dated: New York, New York
       November 6, 2018

                              WILLIAM K. HARRINGTON
                              UNITED STATES TRUSTEE

                      By:    /s/ Benjamin J. Higgins
                             Benjamin J. Higgins
                             Greg M. Zipes
                             Trial Attorneys
                             201 Varick Street, Room 1006
                             New York, New York 10014
                             Tel. No. (212) 510-0500
                             Fax No. (212) 668-2255